# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

~largus- wayne: brock~largus-axley: moore ~largus:ragnabrok~LARGUS ~ W ~ BROCK, et al.,resurrected~sui-juris~Lawful~Executor~Beneficiary~Priority Creditor~relator~ C/O P.O. Box 388 Crescent America (73028), 405-974-1141

~QuasiPlaintiff~Petitioner~Relator

vs.

STATE OF OKLAHOMA, et al. D-U-N-S Number 043440601 c/o ~michael-j: hunter~MICHAEL–J.: HUNTER~ et. al. 313 NE 21st St, Oklahoma City, OK 73105

DEPARTMENT OF PUBLIC SAFETY, et. al., LEGAL DIVISION DESIGNEE et. al., c/o ~steve: McCraw~STEVE: MCCRAW~et. al., 3600 N Martin Luther King Ave, Oklahoma City, OK 73111

OKLAHOMA COUNTY, et. al. D-U-N-S Number 065430530, et. al.,SHERRIF c/o ~john: whetsel~JOHN: WHETSEL~ et. al., c/o ~paul-d.: taylor~PAUL-D.: TAYLOR~, et. al., 320 ROBERT S KERR AVE STE 203 Oklahoma City, OK 73102

THE CITY OF OKLAHOMA CITY, et al. D-U-N-S Number 073131542 c/o ~mick: cornett~MICK: CORNETT~ et. al., c/o ~david: holt~DAVID: HOLT~ et. al, 100 N. Walker Ave. Oklahoma City, OK 73102

Case No. 19cv03112 T.N.M.

Date: November 13, 2019

RELATORS RESPONSE TO ORDER TO SHOW CAUSE
BY PETITIONER~Pro-Per ~largus- w: brock~LARGUS - W:BROCK, et al.

Complaint Filed: September 18, 2019

**RECEIVED**

NOV 1 2 2019

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

---

RELATORS RESPONSE TO SHOW CAUSE ORDER BY PETITIONER LARGUS W. BROCK

,THE MUNICIPAL CRIMINAL COURT OF RECORD, et al., COURT CLERK, et al. c/o ~lashawn-r: thompson~LASHAWN-R:

THOMPSON~, et al. 701 Couch Dr, Oklahoma City, OK 73102

CITY ATTORNEY, et al. c/o ~richard-c.: smith~RICHARD-C.: SMITH~, et al., 200 N Walker Ave # 400, Oklahoma City, OK 73102,

CITY CLERK, et. al. c/o ~francis: kersey~FRANCIS KERSEY~, et al 200 N Walker Ave # 400, Oklahoma City, OK 73102

HONORABLE, et al., c/o ~donald-o: kiffin~DONALD-O. KIFFIN~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

c/o ~edward-d: hasbrook~EDWARD-D.: HASBROOK~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

MUNICIPAL COUNSELOR, et al., c/o ~kenneth: jordan~KENNETH: JORDAN~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

c/o ~steven: huddleston~STEVEN: HUDDLESTON~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

DEPUTY MUNICIPAL COUNSELOR, et al. c/o ~cindy: richard~CINDY: RICHARD~ , et al. 701 Couch Dr, Oklahoma City, OK 73102,

MUNICIPAL COURT REPORTER, et al., c/o~ ~pamela-a: wallace~PAMELA-A.: WALLACE~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

---

RELATORS RESPONSE TO SHOW CAUSE ORDER BY PETITIONER LARGUS W. BROCK

THE CITY OF OKLAHOMA CITY POLICE DEPARTMENT, et al. D-U-N-S Number 005184739 POLICE CHIEF, et al., c/o ~wade: gourley~WADE: GOURLEY~, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~bill: citty~BILL: CITTY ~, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

POLICE OFFICER. , et al.
c/o ~mark –a.: garrett~MARK-A. GARRETT~ Com. # 1807, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~b.: poole~ B.: POOLE~ Com # 1669, et.al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~: bowen~ BOWEN~ Com. # 1165, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~william: nance~WILLIAM: NANCE~ et. al.,Com. #2084, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~steven: cholity~STEVEN: CHOLITY~ Com. #1761, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~dalton: kennedy~DALTON KENNEDY~Com. #1849, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~b.: downs~B.: DOWN~ Com. #2056, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~m: comodeca~M. COMODECA~ Com. # 1980, et al. 701 Colcord Dr. Oklahoma City, OK 73102 ,

c/o ~k.: gellenbeck~K.: GELLENBECK~ Com. # 1887, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

RELATORS RESPONSE TO SHOW CAUSE ORDER BY PETITIONER LARGUS W. BROCK

c/o ~b.: herman~B.: HERMAN~ Com. # 2148, et al. 701 Colcord Dr. Oklahoma City, OK 73102,


c/o ~m.: gilmore~M.: GILMORE~ Com. #1488, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~a.: kitch~A. KITCH~ Com. # 2151, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~cecil: moss~CECIL: MOSS~ Com.# et. al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~mathew: morrison~MATHEW: MORRISON~ et. al. Com. # et. al. 701 Colcord Dr. Oklahoma City, OK 73102,

Defendant's/ Respondent's

## :RELATORS RESPONSE TO SHOW CAUSE ORDER.

## : NOTICE TO PRINCIPAL IS NOTICE TO AGENT.

## : NOTICE TO AGENT IS NOTICE TO PRINCIPAL.

**:Notice of Err of Court to Clerk Sea**: clerked in err ~ ProSe ~ Relators standing in law Statute obliges the Clerk Sea of court to clerk the Claim ~**Pro-Per**~ Title 28 Chap. 97 §1605(c) §1605A (g)(2) failure to correct err by Clerk Sea is default.

:NOTICE :No parent corporations are recognized or know to have as have stock in any party of interest. No law firms, et al, are represented by petitioner. There are no pending cases known to counsel that will be affected by this court's decision than those listed as - enjoined/injoined as derived, hereafter, from enjoindre/iniungo which by etymology means "to join with"/"to attach".

We All have come in Comity, Amity and Peace standing *in ~propria-personam~*Pro-Per~ invoking the "saving to suitors" clause*$^{Æ}$ {*dejure* Judiciary Act of 1789*$^{Æ}$, Section 9; Title 28 "United States" Code (hereafter USC) *§§1333 and *1605(c); 28 USC Chapter 97}, as the ~*quasi*~plaintiffs~Petitioner~ and are ~real~realty~relator~ parties of interest invoking the ~4th~Crown~Principle~law~Yashua~Jesus~Christ~Yahweh~USCA~*1:18-mc-0086~Case #18-5369~19-1099~ (hereafter ~4th Crown Principle 19-1099~) wish remedy in Common Law and the Law of Equity Juris. ~We~Relators~ aver this cause of Action is a continued constructive bond fraud and malicious prosecution upon title and land patent ~Petitioner~largus-wayne: brock~ LARGUS-WAYNE: BROCK ~ by THE CITY OF OKLAHOM CITY (hereafter TCOOC), and organized for profit Corporate identity registered D-U-N-S number 073131542, a political sub division of THE COUNTY OF OKLAHOMA D-U-N-S Corporate identity registered number 065430530, a political sub division of THE STATE OF OKLAHOMA Corporate Identity registered D-U-N-S number 043440601. Relators wish remedy total value of the vessel in Common Law and the Law of Equity, Based upon finding of facts and conclusions in law of public record this Court has the exclusive jurisdiction supervisory cognizance over this

---

RELATORS RESPONSE TO SHOW CAUSE ORDER BY PETITIONER LARGUS W. BROCK

cause of action of Title and Patents fraud of ~Relator~Petitioner~largus-w: brock~ LARGUS-WAYNE: BROCK~living-man~ Alaska~ by this show of cause pursuant to *Title 28 chapter 97 1605(a)(b)(c)(d),1605A.(a)(1)(g)(1). And aver *Mookini v. United States, 303 U.S. 201, 205, 58 S.Ct 543,545,82L.Ed. 748 (1938). ), the Supreme Court said that "vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a `District Court of the United States'".

As ~Yashua~Yahweh~Jehova~ as my witness under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 13th, Year of our Lord and Savior 2019 all rights reserved.

*[signature]*
All Rights Reserved
~ largus-wayn·brock~et a!

*[mark]*

---

**RELATORS RESPONSE TO SHOW CAUSE ORDER BY PETITIONER LARGUS W. BROCK**

# Table of Authorities

---

**28 U.S.C.**
United States Code, 2011 Edition
Title 28 - JUDICIARY AND JUDICIAL PROCEDURE
PART IV - JURISDICTION AND VENUE
CHAPTER 97 - JURISDICTIONAL IMMUNITIES OF FOREIGN STATES
From the U.S. Government Publishing Office, www.gpo.gov

## CHAPTER 97—JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

AMENDMENTS

### §1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

(Added Pub. L. 94–583, §4(a), Oct. 21, 1976, 90 Stat. 2892.)
."

### §1603. Definitions

For purposes of this chapter—
  (a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
  (b) An "agency or instrumentality of a foreign state" means any entity—
    (1) which is a separate legal person, corporate or otherwise, and
    (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
    (3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country.

1

(c) The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

(d) A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

(e) A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

(Added Pub. L. 94–583, §4(a), Oct. 21, 1976, 90 Stat. 2892; amended Pub. L. 109–2, §4(b)(2), Feb. 18, 2005, 119 Stat. 12.)

## §1605. General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

2

>     (B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

>   (b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—
>     (1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and
>     (2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

>   (c) Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.
>   (d) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 and in accordance with the

3

principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**\*§1605A. Terrorism exception to the jurisdictional immunity of a foreign state**
   (a) In General.—
      (1) No immunity.—A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.
   \* (g) Property Disposition.—
      **(1) In general.—In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—**
         **(A) subject to attachment in aid of execution, or execution, under section 1610;**
         **(B) located within that judicial district; and**
         **(C) titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.**

      **(2) Notice.—A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.**
      **(3) Enforceability.—Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this title.**

   (h) Definitions.—For purposes of this section— (2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

   (5) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

4

*Æ.Judiciary Act of 1789 Acts of The First Congress of the United States, as adopted on September 24, 1789, in the first session of the First United States Congress Assembled, Chapter 20, "An act to establish the Judicial Courts of the United States," pages 73-93 and Chapter 21, "An act to regulate Processes in the Courts of the United States," '3 pages 93-94, with emphasis Sections 9 and 35, and Chapter 22.

*§ 1333. Admiralty, maritime and prize cases The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize. (June 25, 1948, ch. 646, 62 Stat. 931; May 24, 1949, ch. 139, §79, 63 Stat. 101.)

*in Mookini v. United States, 303 U.S. 201, 205, 58 S.Ct. 543, 545, 82 L.Ed. 748 (1938), the Supreme Court said that "vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a `District Court of the United States'".

*United States Court Appeals 1:18-mc-0086~Case #18-5369~19-1099

5

COVER SHEET

CERTIFICATE OF SERVICE I certify that a true copy of this pleading was served to the following via first class 'United States' Postal Service delivery at the addresses provided below on or before November 13, 2019

STATE OF OKLAHOMA, et al. . D-U-N-S Number 043440601 c/o ~michael-j: hunter~MICHAEL–J.: HUNTER~ et. al. 313 NE 21st St, Oklahoma City, OK 73105

DEPARTMENT OF PUBLIC SAFETY, et. al., LEGAL DIVISION DESIGNEE et. al., c/o ~steve: McCraw~STEVE: MCCRAW~et. al., 3600 N Martin Luther King Ave, Oklahoma City, OK 73111

OKLAHOMA COUNTY, et. al. D-U-N-S Number 065430530, et. al.,SHERRIF c/o ~john: whetsel~JOHN: WHETSEL~ et. al., c/o ~paul-d.: taylor~PAUL-D.: TAYLOR~, et. al., 320 ROBERT S KERR AVE STE 203 Oklahoma City, OK 73102

THE CITY OF OKLAHOMA CITY, et al. D-U-N-S Number 073131542 c/o ~mick: cornett~MICK: CORNETT~ et. al., c/o ~david: holt~DAVID: HOLT~ et. al, 100 N. Walker Ave. Oklahoma City, OK 73102
,THE MUNICIPAL CRIMINAL COURT OF RECORD, et al., COURT CLERK, et al. c/o ~lashawn-r: thompson~LASHAWN-R: THOMPSON~, et al. 701 Couch Dr, Oklahoma City, OK 73102

CITY ATTORNEY, et al. c/o ~richard-c.: smith~RICHARD-C.: SMITH~, et al., 200 N Walker Ave # 400, Oklahoma City, OK 73102,

CITY CLERK, et. al. c/o ~francis: kersey~FRANCIS KERSEY~, et al 200 N Walker Ave # 400, Oklahoma City, OK 73102

HONORABLE, et al., c/o ~donald-o: kiffin~DONALD-O. KIFFIN~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

c/o ~edward-d: hasbrook~EDWARD-D.: HASBROOK~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

MUNICIPAL COUNSELOR, et al., c/o ~kenneth: jordan~KENNETH: JORDAN~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

c/o ~steven: huddleston~STEVEN: HUDDLESTON~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

DEPUTY MUNICIPAL COUNSELOR, et al. c/o ~cindy: richard~CINDY: RICHARD~ , et al. 701 Couch Dr, Oklahoma City, OK 73102,

MUNICIPAL COURT REPORTER, et al., c/o~ ~pamela-a: wallace~PAMELA-A.: WALLACE~, et al. 701 Couch Dr, Oklahoma City, OK 73102,

THE CITY OF OKLAHOMA CITY POLICE DEPARTMENT, et al. D-U-N-S Number 005184739
POLICE CHIEF, et al., c/o ~wade: gourley~WADE: GOURLEY~, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~bill: citty~BILL: CITTY ~, et al. 701 Colcord Dr, Oklahoma City, OK 73102,
POLICE OFFICER. , et al.
c/o ~mark –a.: garrett~MARK-A. GARRETT~ Com. # 1807, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~b.: poole~ B.: POOLE~ Com # 1669, et.al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~: bowen~ BOWEN~ Com. # 1165, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~william: nance~WILLIAM: NANCE~ et. al.,Com. #2084, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~steven: cholity~STEVEN: CHOLITY~ Com. #1761, et al. 701 Colcord Dr, Oklahoma City, OK 73102,

c/o ~dalton: kennedy~DALTON KENNEDY~Com. #1849, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~b.: downs~B.: DOWN~ Com. #2056, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~m: comodeca~M. COMODECA~ Com. # 1980, et al. 701 Colcord Dr. Oklahoma City, OK 73102 ,

c/o ~k.: gellenbeck~K.: GELLENBECK~ Com. # 1887, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~b.: herman~B.: HERMAN~ Com. # 2148, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~m.: gilmore~M.: GILMORE~ Com. #1488, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~a.: kitch~A. KITCH~ Com. # 2151, et al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~cecil: moss~CECIL: MOSS~ Com.# et. al. 701 Colcord Dr. Oklahoma City, OK 73102,

c/o ~mathew: morrison~MATHEW: MORRISON~ et. al. Com. # et. al. 701 Colcord Dr. Oklahoma City, OK 73102,             Defendant's/ Respondent's

Court Clerk USDCDC
333 Constitution Ave.
Washington, DC 20001

Largus-Wilbrock
c/o P.O. Box 389
Crescent, state of Oklahoma, USA
Exempt c/o U.S.



ORIGIN ID:TIKA (405) 974-1141
LARGUS BROCK
2011 N HWY 74

CRESCENT, OK 73028
UNITED STATES US

TO ATTN: COURT CLERK
US DISTRICT COURT OF DIST COLUMBIA
333 CONSTITUTION AVE

WASHINGTON DC 20001
(000) 000-0000
REF:
INV:
PO:                           DEPT:

TRK# 7808 9906 5733

XC TSGA

TUE - 12 NOV 3:00P
STANDARD OVERNIGHT

20001
DC-US    IAD

SHIP DATE: 11NOV19
ACTWGT: 0.20 LB
CAD: 6992672/SSF02021

BILL CREDIT CARD

FedEx Express