# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARGUS WAYNE BROCK**, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-03112 (TNM) |
| **STATE OF OKLAHOMA,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff Largus Wayne Brock, *pro se*, recently filed a "Notice of Removal of Action Under 28 U.S.C. § 1441(b) Diversity and Notice of Joinder of Claims Under 28 U.S.C. 18(b)," with this Court. *See* Notice of Removal of Action ("Notice") at 1, ECF No. 1. Filed with this Court as a civil complaint, the Notice seeks to remove a "civil action . . . currently pending as Case No.: 19047231 to include [six criminal charges]" from the City of Oklahoma City Municipal Court to this Court. *Id.* at 4. If Brock is trying to remove criminal charges from Oklahoma state court to this Court through a civil action, this removal is inappropriate. But if Brock means to initiate a new civil case in this Court to challenge Oklahoma's charges against him, Brock's Complaint fails to meet the minimal standards set by the Federal Rules of Civil Procedure, even after accounting for his *pro se* status.

When the federal district court would have original jurisdiction over a civil case, a defendant may remove that case to the "district court of the United States for the district and division *embracing the place* where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). A defendant may similarly remove certain criminal cases from state to federal court if he files a notice of removal "in the district court of the United States for the district and division

*within which such prosecution is pending.*" 28 U.S. Code § 1455(a) (emphasis added). But no law allows a defendant in either a civil or criminal action to remove a case to a federal district court of his choice. Nor does any law allow a defendant to convert his criminal case to a civil action. Brock tries to do both here. Treating this case as a removal action, then, is a legal impossibility.

Because of this, the Court will construe Brock's Notice as a civil complaint challenging Oklahoma's attempts to prosecute him. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). A complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a *pro se* litigant's pleadings are "held to a less stringent standard than formal pleadings drafted by lawyers," even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). And when a *pro se* litigant's complaint "sets forth 'a meandering, disorganized, prolix narrative' or is 'so verbose, confused and redundant that its true substance, if any, is well disguised,'" the Court may dismiss the action *sua sponte*. *Hamrick v. United States*, No. 10-cv-00857-JDB, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (quoting *Hamrick v. United Nations*, No. 07-cv-1616-RMC, 2007 WL 3054817, at *1 (D.D.C. Oct. 19, 2007)).

Brock's filing is such a case. Brock has included no facts suggesting that he is entitled to relief. Instead, the Complaint consists mainly of meandering and disorganized statements of law about the federal rules and laws governing removal of cases from state court, Notice at 7–8,

diversity jurisdiction, *id.* at 6, and joinder of claims, *id.* at 9–10. If Brock alleges any facts at all, they appear only in a few lines under Brock's one-page "background" section:

> "We aver this complaint is a continued constructive bond fraud and malicious prosecution upon ~Petitioner~largus-wayne: brock~ from TCOOC, and organized for profit Corporation registered Dunn and Bradstreet number 073131542, initiated on or about March 27th, VOLS 2017 contingent upon case number: 16-8542234 and 16-8542225 {see exhibit 3A) and contingent upon Case number: 11526977-01,: 11526978x-01 {exhibit 4A) to include case number: CV-2013-417 (exhibit 4A) filed January 24th 2013 JOURNAL ENTRY OF JUDGMENT stemming from an arrest on January 20 VOLS 2012 ,(see exhibit 5 A} ,aver acts of RICO as affirmed in the ~4th Crown Principle USCA 19-1099~ wish remedy in Common Law and the Law of Equity."

*Id.* at 5–6.

Even "liberally construing" the allegations within the Complaint, the Court cannot decipher what occurred here, how any of the defendants were involved, or even under what cause of action Brock is proceeding. The defendants could likewise hardly be expected to have notice of Brock's claim sufficient to file an answer or prepare a defense. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.").

Because Brock's filing—whether a notice or complaint—fails to meet the threshold requirements of federal law and Rule 8(a) of the Federal Rules of Civil Procedure, the Court will *sua sponte* dismiss the case.

A separate order will issue.

Dated: December 4, 2019                          TREVOR N. McFADDEN
                                                                 United States District Judge