UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARGUS WAYNE BROCK**, <br><br> Plaintiffs, <br><br> v. <br><br> **STATE OF OKLAHOMA**, *et al*., <br><br> Defendants. | Case No. 1:19-cv-03112 (TNM) |

## ORDER

The Court dismissed Plaintiff Largus Wayne Brock's Complaint *sua sponte* due to his failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Brock now asks this Court to reconsider.[1]

Motions for reconsideration are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Andreen v. Lanier*, 582 F. Supp. 2d 48, 49–50 (D.D.C. 2008). A motion for reconsideration "is granted only when there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009).

Brock makes no argument that there has been a change in controlling law or that new evidence bolsters his case. Instead, he suggests that the Court erred in dismissing his Complaint under Rule 8(a) because he properly removed his criminal case to a civil

---

[1] Brock's Motion for Reconsideration, ECF No. 7, was styled as "Objections to Recommendations of the Magistrate Judge Proposed Findings and Recommendations." But since there was no magistrate judge assigned to this case and Brock attaches the Court's Memorandum Opinion and Order dismissing the case, Mot. at 13–16, the Court will construe this memorandum as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e).

forum using 28 U.S.C. § 2254.  Mot. at 6.  Yet nowhere in Brock's Complaint did he state that he was seeking a writ of habeas corpus.[2]  And neither his Complaint nor this pending motion allege any facts that would support his petition.  In short, Brock's Complaint failed to meet the minimal standards of Rule 8(a) of the Federal Rules of Civil Procedure and his Motion for Reconsideration does nothing to convince this Court otherwise.

      For these reasons, it is hereby

      **ORDERED** that the Plaintiff's Motion for Reconsideration is DENIED.

      **SO ORDERED**.

Dated: January 9, 2020

TREVOR N. McFADDEN
United States District Judge

---

[2] And even if Brock did seek a writ of habeas corpus, this Court would not have jurisdiction over the case. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").